UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-cv-22901-GAYLES

LUIS AMATO,

    Plaintiff.

v.

OFFICER THAMYRIS CARDELLE,
Individually, and In His Official Capacity,
and the CITY OF MIAMI BEACH, a
Political Subdivision,

    Defendants.
_____/

**DEFENDANT, OFFICER THAMYRIS CARDELLE'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND ACCOMPANYING MEMORANDUM OF LAW**

Defendant, OFFICER THAMYRIS CARDELLE ("Officer Cardelle"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 8, 10, and 12(b)(6) and applicable case law, hereby moves to dismiss Plaintiff, LUIS AMATO's ("Plaintiff") Complaint, and in support thereof states as follows:

**INTRODUCTION**

The instant matter is a federal civil rights action brought pursuant to 42 U.S.C. § 1983, and under the First and Fourth Amendments to the United States Constitution against Officer Cardelle and the CITY OF MIAMI BEACH (the "City") relating to incidents which allegedly occurred on or about November 24, 2009. Compl. ¶¶ 7, 24.

For the reasons set forth herein, the claims asserted against Defendant Officer Cardelle in the Complaint must be dismissed.

**MEMORANDUM OF LAW**

**I.   COUNT II MUST BE DISMISSED UNDER RULES 12(B)(6) AND 8(A)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

The purpose of a Rule 12(b)(6) motion "is to test the facial sufficiency of the statement of claim for relief." *Vernon v. Medical Mgt. Assoc. of Margate, Inc.*, 912 F. Supp. 1576, 1553 (S.D. Fla. 1996). Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Am. Ass'n of People with Disabilities v. Smith*, 227 F. Supp.2d 1276, 1280 (M.D. Fla. 2002) (citing *Cook & Nichol, Inc. v. Plimsoll Club*, 451 F.2d 505, 506 (5th Cir. 1971)); accord *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957). In evaluating the sufficiency of a complaint in light of a Motion to Dismiss, the pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp., S.A., et al.*, 711 F.2d 989, 994-95 (11th Cir. 1983). However, the court should not assume that the plaintiff can prove facts that were not alleged. *Id.* Further, conclusory allegations are not accepted as true. *Gersten v. Rundle*, 833

F.Supp. 906, 910 (S.D. Fla. 1993) (citing *Assoc. Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." The facts alleged must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (citation omitted). The United States Supreme Court in *Twombly* and *Iqbal*, and interpreted by the Eleventh Circuit in *Randall v. Scott*, 610 F.3d 701, 707 n.2 (11th Cir. 2010), clarified Rule 8(a)(2) requires plaintiffs' claims have "facial plausibility." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When, on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. *Marshall County Bd. Of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

To determine whether a complaint has "nudged its claims across the line from conceivable to plausible," the Court must analyze a complaint in two ways. *Iqbal*, 129 S. Ct. at 1949-50. First, the Court should identify legal conclusions and other bare allegations representing the formulaic recitation of the elements of a claim which are not entitled to the assumption of truth. *Id.* (reasoning "the tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions"). Second, the Court should consider the remaining non-conclusory factual allegations to determine if they plausibly suggest an entitlement to relief. *Id.* Non-conclusory factual allegations must be more than "consistent"

3

with the idea of purposeful conduct; they must constitute a plausible explanation of the wrong alleged. *Id.* As the Court held in *Twombly*, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949. (internal citations omitted). Therefore, dismissal is appropriate where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct; such as, where the complaint alleges, but fails to show, the pleader is entitled to relief. *Id.*

### A. Count II Should Be Dismissed Because Plaintiff Fails To State A Claim Upon Which Relief May Be Granted For False Arrest.

To establish that an arrest violated the Fourth Amendment, the plaintiff must show that the arrest was "unreasonable." *See, e.g.*, *Brower v. County of Inyo*, 489 U.S. 593, 599 (1989) ("Seizure alone is not enough for § 1983 liability; the seizure must be unreasonable.") (internal quotation marks and citation omitted). An arrest is unreasonable when it is not supported by probable cause. *See, e.g., Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004). "Probable cause is defined in terms of facts and circumstances sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." *Id.* (citing *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975)). "Probable cause to arrest exists 'where the facts and circumstances within the collective knowledge of the law enforcement officials, of which they had reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that an offense has been or is being committed.'" *United States v. Pantoja–Soto*, 739 F.2d 1520, 1523 (11th Cir. 1984) (quoting *United States v. Blasco*, 702 F.2d 1315, 1324 (11th Cir. 1983)). "The existence of probable cause at the time of arrest constitutes an absolute bar to a section 1983 action for false arrest." *Rushing v. Parker*, 599 F.3d 1263, 1265

4

(11th Cir. 2010) (quotation marks omitted); *Pair v. City of Parker FL Police Dept.*, 383 Fed.Appx. 835, 839, 2010 WL 2412274, *3 (11th Cir. 2010).

Here, Plaintiff's false arrest claim is based almost entirely on conclusory allegations, and the few facts alleged in the Complaint do not state a plausible claim for false arrest against Defendant Officer Cardelle. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 679; ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions")

In sum, because the Complaint fails to state a valid claim for false arrest, the Court must dismiss Count II.

### B. Count II Should Be Dismissed Because Plaintiff Fails To State A Claim Upon Which Relief May Be Granted For Retaliation.

To state a First Amendment retaliation claim, a plaintiff "must establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." *Lippman v. City of Miami*, 719 F.Supp.2d 1370, 1373-74 (S.D. Fla. 2010) (quoting *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005)). To establish a causal connection, the plaintiff must allege that the protected conduct was the "motivating factor behind the defendants' actions." *Smith v. Mosley*, 532 F.3d 1270, 1278 (11th Cir. 2008); *Abella v. Simon*, 2012 WL 3034471, *1 (11th Cir. 2012).

Here, Plaintiff has failed to plead sufficient facts to demonstrate a First Amendment retaliation claim against Defendant Officer Cardelle. Plaintiff's retaliation claim is based on conclusory allegations that "[t]he restraint and arrest of the Plaintiff by Officer Cardelle and the City of Miami Beach was unlawful and unreasonable as it was not absed on probable cause or

5

based upon lawfully issued process and was without a valid warrant, but upon his voicing his opinion about being harassed in violation of the First and Fourth Amendments to the United States Constitution." Compl. ¶ 27. However, Plaintiff merely concludes that his opinion about being harassed was a motivating factor behind the arrest. *Id.* Because Plaintiff has not alleged any facts to establish a causal connection, Count II must be dismissed pursuant to *Smith* and *Abella*. *See Smith*, 532 F.3d at 1278; *Abella*, 2012 WL 3034471, *1.

## II.     OFFICER CARDELLE IS ENTITLED TO QUALIFIED IMMUNITY.

The Supreme Court has repeatedly stressed the importance of resolving qualified immunity questions at the earliest possible stage in litigation. *Pearson v. Callahan,* 555 U.S. 223, 232 (2009) (citation omitted). It is well established that dismissal under Rule 12(b)(6) is appropriate prior to the commencement of discovery where the plaintiff has failed to allege a violation of a clearly established law. *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir. 2003) (citation omitted); *Bloom v. Alvereze*, 498 Fed. Appx. 867, 878, (11th Cir. 2012).

Section 1983 creates a private right of action for damages and injunctive relief against individuals and governmental bodies whose conduct under the color of state or local law deprives a plaintiff of rights, privileges or immunities "secured by the Constitution or laws." 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under the color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or the laws of the United States." *Emory v. Peeler*, 756 F.2d 1547, 1554 (11th Cir. 1985) (citation omitted).

"Qualified immunity protects from civil liability government officials who perform discretionary functions if the conduct of the officials does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Nolin v.*

*Isbell*, 207 F.3d 1253, 1255 (11th Cir. 2000) (quoting, in part, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  In addition, the Supreme Court has recognized qualified immunity is immunity from suit, and is not merely a defense to liability.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Consequently, and similar to absolute immunity, qualified immunity is effectively lost if a case is erroneously permitted to proceed through discovery and trial. *Id.*[1] The doctrine is so important that the Supreme Court has made denials of qualified immunity at the motion to dismiss stage immediately appealable.  *Id.* at 530.

The qualified immunity analysis involves two discrete queries.  *Saucier v. Katz*, 533 US 194, 201 (2001).  The court must first determine whether the facts alleged demonstrate the officer violated a constitutional right.  *Id*.  "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."  *Id.*  If the answer to the first query is in the affirmative, the second question is to determine whether the right violated was clearly established.  *See id*. (citing *Garrett v. Athens-Clarke County*, 378 F.3d 1274, 1278-79 (11th Cir. 2004)) ("[We must determine] whether, at the time of the incident, every objectively reasonable police officer would have realized the acts violated already clearly established federal law").  If the law did not put the officer on notice that his conduct would be clearly unlawful, then the officer will be shielded on qualified immunity grounds.[2]  *Id.* at 202.

---

[1] Where the defense of qualified immunity is properly raised, it is appropriate for the District Court to dismiss the case even at the motion to dismiss stage. *Behrens v. Pelletier*, 516 U.S. 299, 306 (1996). This protects the public official from having to undergo the burdens and rigors of discovery, one of the primary protections afforded by the qualified immunity defense. *Id.* at 308.

[2] In its recent review of the *Saucier* analysis, the Supreme Court in *Pearson v. Callahan* reversed *Saucier* to the extent that it *required* a 2-step analysis in every case. 129 S. Ct. 808, 818 (2009). Instead, the Court held that "the judges of the district courts and the courts of appeals should [now] be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first . . ." *Id.* However, the Court expressly noted that its new rule was intended only to make the qualified immunity analysis easier and less burdensome for those raising the defense, *id.* at 818-20, and that its decision "*does not* prevent the lower courts from following the *Saucier* procedure; it simply recognizes that those courts should have the discretion to decide whether

In the present case, the facts alleged in Plaintiff's Complaint falls far short of stating a plausible claim that the arrest violated Plaintiff's constitutional rights. *See, e.g., Grider v. City of Auburn*, 618 F.3d 1240, 1257 & n.25 (11th Cir. 2010) (stating that police officers are entitled to qualified immunity on claims of false arrest and malicious prosecution if there is even arguable probable cause based on the facts known to the officers, for "law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity").

In the context of a Fourth Amendment false arrest claim such as Plaintiff's, the qualified immunity inquiry turns on "arguable probable cause," not actual probable cause. *See, e.g., Wilkerson v. Seymour*, 736 F.3d 974, 977-78 (11th Cir. 2013) ("[a]n officer is entitled to qualified immunity. . .where the officer had 'arguable probable cause'") (citations omitted); *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1257 (11th Cir. 2010) ("If the arresting officer had arguable probable cause to arrest for any offense, qualified immunity will apply."). "Arguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the Defendant could have believed that probable cause existed to arrest." *Rushing v. Parker*, 599 F.3d 1263, 1266 (11th Cir. 2010) (citation omitted); *see also Wilkerson*, 736 F.3d at 978. Indeed, probable cause exists when "facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002) (internal quotation marks omitted). "What counts for qualified immunity purposes relating to probable cause to arrest is the information known to the defendant officers or officials at the time of their conduct." *Wilkerson*, 736 F.3d at 978 (citation omitted).

---

that procedure is worthwhile in particular cases." *Id.* at 821 (emphasis added); *see also Fennell v. Gilstrap*, 559 F.3d 1212, 1217 n.6 (11th Cir. 2009) (noting that "Although the Supreme Court recently held [in *Pearson*] that lower courts are no longer required to address these prongs in order, it recognized that it is 'often beneficial' to do so.").

In determining whether probable cause existed, the standard is whether the officer's actions were "objectively reasonable" based on the "totality of the circumstances." *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir.1998). "This standard is met when 'the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.' " *Id.* (quoting *Williamson v. Mills*, 65 F.3d 155, 158 (11th Cir. 1995)). The standard of proof necessary to support a conviction is not applicable at this stage. *Durruthy,* 351 F.3d at 1088. The subjective intent of the officer is immaterial; we are to consider the facts objectively. *Whren v. United States*, 517 U.S. 806, 813 (1996); *Williams v. City of Homestead*, 206 Fed. Appx. 886, 888, 2006 WL 3102305, *1 (11th Cir. 2006).

In *Williams v. City of Homestead*, 206 Fed. Appx. 886, 888, 2006 WL 3102305, *1 (11th Cir. 2006) the 11th Circuit Court of Appeals affirmed the District Court's order in favor of the defendant officer. *Williams*, 206 Fed. Appx. At 888. Specifically, the Court explained that:

> Regardless of the fact that a nolle prosequi was entered as to all charges against Williams, Schwartz had the necessary probable cause at the time of the incident to make the arrest. Jones' 911 call, her emotional state when Schwartz arrived, and the physical damage to the door allowed Schwartz to reasonably conclude that an attempted burglary had occurred. Furthermore, Jones' statement that Williams had tried to break in and had threatened her, the outstanding TRO order, and the pending domestic battery charge allowed Schwartz to reasonably conclude that Williams was a likely suspect. There was a history of animosity between these two women. Schwartz's conclusion that Williams attempted the break-in was reasonable, and that is all that the probable cause standard requires.

*Id.* at 888-89.  Additionally, the Court rejected the plaintiff/appellant's claim that the officer "refused to consider her own protestation of innocence, her alibi witness, and the tape recording she produced at the police station supposedly exposing [the victim's] plan to set her up,"

*Id.* Although "[a]n arresting officer is required to conduct a reasonable investigation to establish probable cause," *Rankin,* 133 F.3d at 1435, "once an officer makes an arrest based on probable cause, he need not investigate every claim of innocence." *Id.* (internal quotations omitted). An officer does not have to take "every conceivable step ... at whatever cost, to eliminate the possibility of convicting an innocent person." *Tillman v. Coley,* 886 F.2d 317, 321 (11th Cir.1989). The Supreme Court has explained: "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released." *Baker v. McCollan,* 443 U.S. 137, 145, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979).

There is no dispute that Officer Cardelle was acting within his official capacity at the time and date of the subject incident. As a public official acting within the scope of his official duties, Officer Cardelle is shielded with qualified immunity as to the § 1983 claim in Count II because (a) no constitutional violation occurred; and (b) even if one did occur, the law was not clearly established that Defendant Officer Cardelle would be subject to personal liability in this instance. Officer Cardelle conducted a sufficient investigation into the existence of probable cause to arrest.   Florida defines assault as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Fla. Stat. § 784.011. Aggravated assault is assault "[w]ith a deadly weapon without intent to kill." Fla. Stat. § 784.021. *Reagan v. Mallory*, 429 Fed.Appx. 918, 920, 2011 WL 2322259, 1 (11th Cir. 2011).

Under *Williams*, Plaintiff's argument that Officer Cardelle did not conduct a proper investigation to determine if Plaintiff drove his automobile earlier in the day is without any

merit. Compl. ¶¶ 8-12.  The "factual allegations" in the Complaint demonstrate Officer Cardelle had probable cause because: the Miami Beach Police Department had been made aware of Plaintiff's issues with his neighbors "prior to" the date of his arrest, the neighbors' emergency phone call to report that earlier in the day Plaintiff was improperly driving his vehicle and applied his car's brakes while driving in front of the neighbor's vehicle allegedly between 10 to 20 miles on Pinetree Drive,  he questioned the Plaintiff regarding the incident, and observed the complaining parties and Plaintiff in deciding whether there was probable cause to arrest. Compl. ¶¶ 7-13. Accordingly, because there was probable cause to arrest Plaintiff, there was no constitutional violation, and therefore, Plaintiff's § 1983 claim of false arrest fails

Accordingly, Officer Cardelle is shielded with qualified immunity as to the § 1983 claim set forth in Count II of the Complaint.

### CONCLUSION

For the reasons set forth above, the Defendant Officer Cardelle respectfully requests this Court enter an Order: (1) dismissing Count II of the Complaint; and (3) granting any and all further relief this Court deems equitable and just.

> Respectfully submitted,
>
> *s/ Robert L. Switkes*
> Robert L. Switkes, Esq.
> Florida Bar No.: 241059
> rswitkes@switkeslaw.com
> *s/Candace Cronan*
> Candace Cronan, Esq.
> Florida Bar No.: 90983
> ccronan@switkeslaw.com
> ROBERT L. SWITKES & ASSOCIATES P.A.
> 407 Lincoln Road, PH SE
> Miami Beach, FL 33139
> Phone: (305) 534-4757/ Fax: (305) 534-4757
> *Attorneys for Defendant Officer Cardelle*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of August, 2014 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Candace Cronan*
Candace Cronan, Esq.

## SERVICE LIST
United States District Court Southern District of Florida
CASE NO.: 14-cv-22901-GAYLES

**Attorney for Plaintiff, Luis Amato**
John De Leon, Esq.
Law Offices of Chavez & De Leon, PA
1399 S.W. 1st Street, Suite 202
Miami, Florida 33130
Phone: 305-740-5347
Fax: 305-740-5348
E-Mail: jdeleon@chavez-deleon.com
*Via CM/ECF electronic filing*


**Attorney for Defendant, City of Miami Beach**
Robert Rosenwald, Esq.
1700 Convention Center Drive
4th Floor, Legal Department
Miami Beach, Florida 33139
Phone: 305-673-7470
Fax: 305-673-7002
E-Mail: robertrosenwald@miamibeachfl.gov
*Via Notice of Electronic Filing generated by CM/ECF*