UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 14-22901-CIV-GAYLES/TURNOFF

LUIS AMATO,

    Plaintiff,
v.

THAMYRIS CARDELLE and THE CITY
OF MIAMI BEACH,

    Defendants.
                                            /

## ORDER GRANTING IN PART MOTIONS TO DISMISS

**THIS CAUSE** comes before the Court upon Officer Thamyris Cardelle's Motion to Dismiss [ECF No. 3] and the City of Miami Beach's Motion to Dismiss the Complaint and Accompanying Memorandum of Law [ECF No. 5] (collectively the "Motions"). The Court has considered the parties' written submissions and applicable law. Based thereon, the Court denies in part and grants in part the Motions.

### BACKGROUND[1]

On November 24, 2009, Officer Thamyris Cardelle ("Officer Cardelle") arrived at Plaintiff's residence in response to a call from Plaintiff's neighbor, Esther Manopla ("Ms. Manopla"). Earlier that day, Ms. Manopla had complained to the Miami Beach Police Department that Plaintiff was improperly driving his vehicle in front of Ms. Manopla's vehicle. Officer Cardelle questioned Plaintiff about Ms. Manopla's complaint. Plaintiff denied that he had driven his vehicle in a

---

[1] The Court takes the allegations from the Complaint [ECF 1] as true for purposes of a Motion to Dismiss. *See Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

threatening manner. Officer Cardelle returned to his vehicle and was about to leave Plaintiff's residence when Plaintiff stated "I'm so tired of being harassed by them, [his neighbors], by the police department and by you." [ECF No. 1-3 at ¶ 13]. In response, Officer Cardelle arrested Plaintiff on three counts of felony aggravated assault.

On November 14, 2013, Plaintiff brought this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida against Officer Cardelle and the City of Miami Beach (the "City") asserting claims for false arrest and battery under Florida law against the City and a claim for false arrest pursuant to 42 U.S.C. § 1983 against Officer Cardelle. Defendants removed the action to federal court and moved to dismiss for failure to state a claim.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the defendant –unlawfully-harmed-me accusations." *Id*. (alteration added)(quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added)(citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable

to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

## ANALYSIS

### A.   False Arrest

Plaintiff asserts claims for false arrest under Florida law against the City and under Section 1983 against Officer Cardelle. To state a claim for false arrest under Florida law, a plaintiff must allege three elements: (1) an unlawful detention and derivation of liberty against the plaintiff's will; (2) an unreasonable detention which is not warranted by the circumstances and (3) an intentional detention. *Tracton v. City of Miami Beach,* 616 So.2d 457 (Fla. 3d DCA 1992). A defendant may raise probable cause as an affirmative defense to a claim for false arrest. *Id.* Similarly, to state a claim under § 1983, a plaintiff must allege a warrantless arrest without probable cause. *See Marx v. Gumbinner,* 905 F.2d 1503, 1505 (11th Cir.1990). If an arrest is supported by probable cause, the arrestee is absolutely barred from pursuing a § 1983 false arrest claim. *Id.* at 1505–06.

Probable cause exists "if at the moment the arrest was made, the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." *Holmes v. Kucynda,* 321 F.3d 1069, 1079 (11th Cir.2003). The Court evaluates probable cause from the viewpoint of a prudent, cautious police officer on the scene at the time of the arrest. *Miami-Dade County v. Asad,* 78 So.3d 660 (Fla. 3d DCA 2012). To show probable cause, the arresting officer must have had reasonable grounds to believe that the arrestee committed a crime. *Holmes*, 321 F.3d at 1079.

In Counts I and II, Plaintiff adequately alleges the elements of a false arrest claim under Florida law and under § 1983. Defendants assert that Officer Cardelle had probable cause to arrest Plaintiff and that therefore Plaintiff cannot state a claim for false arrest. The Court finds that

whether Officer Cardelle had probable cause is a question of fact that cannot be resolved on a motion to dismiss. Plaintiff adequately pleads that Officer Cardelle did not have probable cause to arrest him. Accordingly the motion to dismiss counts I and II must be denied.

### B.  Battery

Plaintiff also asserts a claim for battery against the City, alleging that Officer Cardelle touched him without his consent while effectuating the arrest. Defendants argue that Plaintiff's claim for battery cannot stand because Officer Cardelle's actions were no more than ordinary incidents of the arrest which do not give rise to an independent tort of battery. The Court agrees. Plaintiff's allegations all relates to the normal incidents of arrest, thus, his claim for battery cannot stand independently, but will be evaluated in the context of the tort of false arrest. *See Lester v. City of Tavares,* 603 So.2d 18, 18 (Fla. 5th DCA 1992); *see also Jackson v. Sauls,* 206 F.3d 1156, 1171 (11th Cir.2000) (rejecting plaintiffs' theory that any use of force, however minimal, constituted "excessive force" and holding that claim for excessive force used in the course of an illegal arrest is subsumed in the illegal arrest claim and is not a discrete claim). Accordingly, the Court will dismiss Count III of the Complaint.

### CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Officer Thamyris Cardelle's Motion to Dismiss [ECF No. 3] and the Defendant City of Miami Beach's Motion to Dismiss the Complaint and Accompanying Memorandum of Law [ECF No. 5] are **GRANTED** in part and **DENIED** in part. It is further

**ORDERED AND ADJUDGED** that Count III of the Complaint is **DISMISSED** with prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of October, 2014.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Turnoff
All Counsel of Record